UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| WILLIAM K. SAUNDERS, ON BEHALF OF HIMSELF AND THOSE SIMILARLY SITUATED, ETHAN WHEELER, AND EROL GUMUSDERE,<br><br>Plaintiffs,<br><br>vs.<br><br>MARGARITAVILLE OF MYRTLE BEACH, LLC, AND IMCMV MYRTLE BEACH, LLC,<br><br>Defendants. | Civil Action No. 4:16-CV-01559-RBH<br><br>**THIRD AMENDED COMPLAINT**<br>**Jury Trial Demanded** |

COMES NOW PLAINTIFFS, by and through undersigned Counsel of Record and under the Federal Rules of Civil Procedure, and files this Second Amended Complaint for Damages against the Defendants named above, showing the Court as follows:

## NATURE OF THE ACTION

1. This case arises out of Defendants', Margaritaville of Myrtle Beach, LLC, and IMCMV Myrtle Beach, LLC, unlawful pay practices and policies. Specifically, for at least the last three years Defendants have willfully required its tipped employees to perform work without pay under the penalty of being fired. The reason behind this practice and policy is not entirely clear; however, there is apparently an incentive or bonus program in place for managers that is somehow tied to the number of hours employees work on the clock. As a result of Defendants' willful engagement in unlawful pay practices and policies, Defendants' tip employees have been robbed of their earned minimum wages, overtime wages, and other benefits that they are entitled to under federal law.

## THE PARTIES, JURISDICTION, AND VENUE

2. At all times relevant, Plaintiff William L. Saunders ("William Saunders") was and is a citizen and resident of Horry County, South Carolina.

3. At all times relevant, Plaintiff Ethan Wheeler ("Ethan Wheeler") was and is a citizen and resident of Horry County, South Carolina.

4. At all times relevant, Plaintiff Erol Gumusdere ("Erol Gumusdere") was and is a citizen and resident of Horry County, South Carolina.

5. At all times relevant, and upon information and belief, Defendant Margaritaville of Myrtle Beach, LLC was and is incorporated and existing under the laws of the State of South Carolina. Defendant is vicariously liable for the acts and/or omissions of its employees, agents, contractors, and servants under the doctrine of *respondeat superior*. Defendant acted by and through its agents, servants, and employees, each of whom acted at all times relevant herein in the course and scope of their employment with and for Defendant. At all times relevant herein, Defendant conducted substantial business in South Carolina and the cause of action arises out of a tort committed in whole or in part within South Carolina and which resulted in injuries in South Carolina, and, therefore, personal jurisdiction is proper under South Carolina Code § 36-2-802 and South Carolina Code § 36-2-803.

6. At all times relevant, and upon information and belief, Defendant IMCMV Myrtle Beach, LLC was and is incorporated and existing under the laws of the State of South Carolina. Defendant is vicariously liable for the acts and/or omissions of its employees, agents, contractors, and servants under the doctrine of *respondeat superior*. Defendant acted by and through its agents, servants, and employees, each of whom acted at all times relevant herein in the course and scope of their employment with and for Defendant. At all times relevant herein, Defendant conducted

substantial business in South Carolina and the cause of action arises out of a tort committed in whole or in part within South Carolina and which resulted in injuries in South Carolina, and, therefore, personal jurisdiction is proper under South Carolina Code § 36-2-802 and South Carolina Code § 36-2-803

7. This Honorable Court has jurisdiction to hear this matter pursuant to 28 U.S.C. § 1331.

8. Venue of this action properly lies in the District of South Carolina, pursuant to 28 U.S.C. § 1391(a), and within this division, pursuant to L.R. 3.01, as it is the judicial district and division in which a substantial part of the events or omissions giving rise to the claim occurred.

**FAIR LABOR STANDARDS ACT COLLECTIVE ACTION ALLEGATIONS**

9. Plaintiffs incorporate by reference, as if fully set forth, each and every allegation in the preceding paragraphs.

10. Plaintiff William Saunders brings this action for violations of the Fair Labor Standards Act ("FLSA") as a collective action pursuant to 29 U.S.C. § 216(b), on behalf of all persons presently and formerly employed by Defendants in non-exempt positions and subject to Defendants' unlawful pay practices and policies described herein and who worked for Defendants at any point in the three years preceding the date the instant action was initiated (the members of this putative class are referred to as "FLSA Plaintiffs").

11. Plaintiff William Saunders and FLSA Plaintiffs are similarly situated, have substantially similar non-managerial job duties, have substantially similar pay provisions, and were and are all subject to Defendants' unlawful policies and practices as described herein.

12. There are numerous similarly situated current and former employees of Defendants who were compensated improperly for earned wages and overtime earned wages, in violation of the

FLSA, and who would benefit from the issuance of a Court Supervised Notice of the instant lawsuit and the opportunity to join in the present lawsuit.

13. Similarly situated employees are known to Defendants, are readily identifiable by Defendants, and can be located through Defendants' records.

14. Therefore, Plaintiff William Saunders should be permitted to bring this action as a collective action for and on behalf of himself and those employees similarly situated, pursuant to the "opt-in" provision of the FLSA, 29 U.S.C. § 216(b).

## FACTUAL ALLEGATIONS

15. Plaintiffs incorporate by reference, as if fully set forth, each and every allegation in the preceding paragraphs.

16. Plaintiff William Saunders is a former hourly employee, as defined in 29 USC § 203(e), of and began employment for Defendants on or about April 1, 2013; his employment ended on or about October 1, 2015.

17. Plaintiff Ethan Wheeler is a former hourly employee, as defined in 29 USC § 203(e), of and began employment for Defendants on or about February 1, 2013; his employment ended on or about October 1, 2015

18. Plaintiff Erol Gumusdere is a former hourly employee, as defined in 29 USC § 203(e), of and began employment for Defendants on or about February 1, 2013; his employment ended on or about January 4, 2017.

19. FLSA Plaintiffs are current and/or former hourly employees, as defined in 29 USC § 203(e), of Defendants, who, within the last three years, have been or are presently employed by Defendants.

20. Upon information and belief and at all times relevant, Defendants were an employer, as defined in 29 USC § 203(d). Specifically, Defendants were a restaurant engaged in the production of food and other goods for interstate commerce. Specifically, Defendants makes a substantial use of the channels of interstate commerce by preparing and serving food for vacationers to the Myrtle Beach, SC area. Additionally, Defendants have annual gross sales or business of at least $500,000. As a result, Enterprise Coverage exists, as defined in 29 USC § 203(s)(1).

21. Plaintiffs William Saunders, Ethan Wheeler, and Erol Gumusdere were non-exempt, tipped employees, as defined in 29 USC § 203(t), and FLSA Plaintiffs were and/or are non-exempt, tipped employees of Defendants.

22. During all times relevant herein and upon information and belief, Defendants have maintained an unlawful wage payment system for at least the last three years and has enforced such unlawful policies at the facility named in this lawsuit.

23. For example, Defendants maintains a policy that no non-exempt, tipped employee can clock in until their first table is sat. Likewise, all non-exempt, tipped employees must clock out as soon as their last table is finished. However, tip employees are required to continue working for Defendants during the time they are off the clock. Further, Defendants required non-exempt, tipped employees to clock out once their time approached 40 hours. Defendants required non-exempt, tipped employees, however, to continue working while off the clock. The total time worked off the clock for each non-exempt, tipped employee exceeds two to three hours per day.

24. The policy described in the previous paragraph was enforced with an iron fist. If Plaintiff William Saunders, Plaintiff Ethan Wheeler, Plaintiff Erol Gumusdere, or FLSA Plaintiffs expressed a desire to remain on the clock, or if they remained on the clock, they were threatened with

losing their job. Likewise, if they showed signs they would report the incident, they were threatened with losing their job.

25. Plaintiff William Saunders, Plaintiff Ethan Wheeler, Plaintiff Erol Gumusdere or FLSA Plaintiffs routinely worked overtime; during the busy season, usually between March and October, Plaintiff William Saunders, Plaintiff Ethan Wheeler, Plaintiff Erol Gumusdere or FLSA Plaintiffs worked at least fifteen hours a "work week." However, because Defendants required Plaintiff William Saunders, Plaintiff Ethan Wheeler, Plaintiff Erol Gumusdere and/or FLSA Plaintiffs to clock out prior to earning 40 hours and perform most of the work while off the clock, overtime compensation was not paid.

## FOR A FIRST CAUSE OF ACTION
(Fair Labor Standards Act – Failure to Pay Minimum Wage)

26. Plaintiffs incorporate by reference, as if fully set forth, each and every allegation in the preceding paragraphs.

27. At all times relevant herein, Defendants have been and continue to be an "employer," within the meaning of the FLSA.

28. At all times relevant herein, Plaintiff William Saunders, Plaintiff Ethan Wheeler, Plaintiff Erol Gumusdere, and FLSA Plaintiffs were and are non-exempt "employees," of Defendant within the meaning of the FLSA.

29. At all times relevant herein, Defendants were and are responsible for paying a minimum wages to Plaintiff William Saunders, Plaintiff Ethan Wheeler, Plaintiff Erol Gumusdere, and FLSA Plaintiffs.

30. At all times relevant herein, Defendants had annual gross sales or business of at least $500,000 and has two or more employees engaged in interstate commerce or the production of goods for interstate commerce, within the meaning of the FLSA.

31. The minimum wage provisions of the FLSA, 29 U.S.C. § 201 *et. seq.*, apply to Defendants and protect Plaintiff William Saunders, Plaintiff Ethan Wheeler, Plaintiff Erol Gumusdere, and FLSA Plaintiffs.

32. Plaintiff William Saunders, Plaintiff Ethan Wheeler, Plaintiff Erol Gumusdere, and FLSA Plaintiffs were and are entitled to be compensated by Defendants at the rate of $7.25 per hour, pursuant to 29 U.S.C. § 206.

33. Defendants failed to pay Plaintiff William Saunders, Plaintiff Ethan Wheeler, Plaintiff Erol Gumusdere, and FLSA Plaintiffs any wages whatsoever for certain hours worked, in violation of 29 U.S.C. § 206.

34. Defendants failed to pay Plaintiff William Saunders, Plaintiff Ethan Wheeler, Plaintiff Erol Gumusdere, and FLSA Plaintiffs a minimum wage for certain hours worked because Defendants required Plaintiff William Saunders, Plaintiff Ethan Wheeler, Plaintiff Erol Gumusdere, and FLSA Plaintiffs to be off the clock while working certain hours.

35. Defendants were and are aware that the FLSA applies to their business, willfully disregarded the requirements of the FLSA, and willfully required Plaintiff William Saunders, Plaintiff Ethan Wheeler, Plaintiff Erol Gumusdere, and FLSA Plaintiffs to clock out while working, for the purposes of not paying Plaintiff William Saunders, Plaintiff Ethan Wheeler, Plaintiff Erol Gumusdere, and FLSA Plaintiffs minimum wage for time worked.

36. As a result of Defendants unlawful conduct, Plaintiff William Saunders, Plaintiff Ethan Wheeler, and FLSA Plaintiffs have suffered damages set forth herein.

**FOR A SECOND CAUSE OF ACTION**
(Fair Labor Standards Act – Failure to Pay Overtime Compensation)

37. Plaintiffs incorporate by reference, as if fully set forth, each and every allegation in the preceding paragraphs.

38. At all times relevant herein, Defendants have been and continue to be an "employer," within the meaning of the FLSA.

39. At all times relevant herein, Plaintiff William Saunders, Plaintiff Ethan Wheeler, Plaintiff Erol Gumusdere, and FLSA Plaintiffs were and are non-exempt "employees," of Defendants within the meaning of the FLSA.

40. At all times relevant herein, Defendants were and are responsible for paying wages to Plaintiff William Saunders, Plaintiff Ethan Wheeler, Plaintiff Erol Gumusdere, and FLSA Plaintiffs.

41. At all times relevant herein, Defendants had annual gross sales or business of at least $500,000 and has two or more employees engaged in interstate commerce or the production of goods for interstate commerce, within the meaning of the FLSA.

42. The wage provisions of the FLSA, 29 U.S.C. § 201 *et. seq.*, apply to Defendants and protect Plaintiff William Saunders, Plaintiff Ethan Wheeler, Plaintiff Erol Gumusdere, and FLSA Plaintiffs.

43. Plaintiffs were and are entitled to be compensated by Defendants for their employment in excess of forty hours a work week, at a rate not less than one and one-half times the regular rate at which Plaintiff William Saunders, Plaintiff Ethan Wheeler, Plaintiff Erol Gumusdere, and FLSA Plaintiffs were and are employed, pursuant to 29 U.S.C. § 207.

44. Defendants failed to pay Plaintiff William Saunders, Plaintiff Ethan Wheeler, Plaintiff Erol Gumusdere, and FLSA Plaintiffs any wages whatsoever for certain hours worked, in violation of 29 U.S.C. § 207.

45. Defendants failed to pay Plaintiff William Saunders, Plaintiff Ethan Wheeler, Plaintiff Erol Gumusdere, and FLSA Plaintiffs any overtime wage for certain hours worked because

Defendants required Plaintiff William Saunders, Plaintiff Ethan Wheeler, Plaintiff Erol Gumusdere, and FLSA Plaintiffs to be off the clock while working certain hours.

46. Defendants were and are aware that the FLSA applies to their business, willfully disregarded the requirements of the FLSA, and willfully required Plaintiff William Saunders, Plaintiff Ethan Wheeler, Plaintiff Erol Gumusdere, and FLSA Plaintiffs to clock out while working, for the purposes of not paying Plaintiff William Saunders, Plaintiff Ethan Wheeler, Plaintiff Erol Gumusdere, and FLSA Plaintiffs an overtime wage for overtime worked.

47. As a result of Defendants unlawful conduct, Plaintiff William Saunders, Plaintiff Ethan Wheeler, Plaintiff Erol Gumusdere, and FLSA Plaintiffs have suffered damages set forth herein.

## JURY TRIAL DEMAND

48. Plaintiff William Saunders, Plaintiff Ethan Wheeler, Plaintiff Erol Gumusdere, and FLSA Plaintiffs demand that all issues in this case triable before a jury are so tried.

**WHEREFORE**, Plaintiff William Saunders, Plaintiff Ethan Wheeler, Plaintiff Erol Gumusdere, and FLSA Plaintiffs pray this Court will enter Judgment providing, to the fullest extent possible, every remedy available under 29 U.S.C. § 216, including, but not limited to, the amount of Plaintiff William Saunders, Plaintiff Ethan Wheeler, Plaintiff Erol Gumusdere, and FLSA Plaintiffs' unpaid minimum wages and unpaid overtime compensation, an additional equal amount as liquidated damages, pre and post-judgment interest, a reasonable attorney's fee and the cost of this action, and all other applicable penalties and other relief as the Court deems just and proper.

Respectfully Submitted,

[Signature Block on Following Page]

MIKE KELLY LAW GROUP, LLC

*s/ Stephen G. Vicari, II*
Stephen G. Vicari, II
Fed. Id. No. 12290
svicari@mklawgroup.com

D. Michael Kelly
Fed. Id. No. 2299
mkelly@mklawgroup.com

816 Broadway Street
Myrtle Beach, SC 29577
843/946-7550 (tel)
843/946-9653 (fax)
**Attorneys for Plaintiffs**

Myrtle Beach, South Carolina
January 18, 2017