UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| WILLIAM K. SAUNDERS,  ON BEHALF OF HIMSELF AND THOSE SIMILARLY SITUATED, ETHAN WHEELER, AND EROL GUMUSDERE | ) ) ) ) | Civil Action No. 4:16-CV-01559-RBH |
| Plaintiffs, | ) ) ) | |
| v. | ) ) | |
| MARGARITAVILLE OF MYRTLE BEACH, LLC, AND IMCMV MYRTLE BEACH, LLC, | ) ) ) ) | **ANSWER TO THIRD AMENDED COMPLAINT** |
| Defendants. | ) ) ) | |

Defendant IMCMV MYRTLE BEACH, LLC answers and responds to the allegations contained in William K. Saunders, Ethan Wheeler and Erol Gumusdere's Third Amended Complaint as follows:

**FOR A FIRST DEFENSE**

1.      Answering the allegations contained in Paragraph 1 of the Third Amended Complaint containing Plaintiff's "Nature of the Action," Defendant denies any and all allegations contained therein.

2.      Defendant lacks sufficient knowledge or information to admit or deny the allegation that Plaintiff Saunders was and is a citizen and resident of Horry County, South Carolina at all times relevant hereto and therefore denies that allegation.

3.      Defendant lacks sufficient knowledge or information to admit or deny the allegation that Plaintiff Wheeler was and is a citizen and resident of Horry County, South Carolina at all times relevant hereto and therefore denies that allegation.

4.      Defendant lacks sufficient knowledge or information to admit or deny the allegation that Plaintiff Gumusdere was and is a citizen and resident of Horry County, South Carolina at all times relevant hereto and therefore denies that allegation.

5.      Answering the allegations contained in Paragraph 5 of the Third Amended Complaint, Plaintiff's allegations related to venue and jurisdiction are legal conclusions related to Defendant Margaritaville of Myrtle Beach, LLC to which no response is required by this Defendant. To the extent that a response is required, Defendant denies same. Defendant denies any and all remaining allegations contained in Paragraph 5 of the Third Amended Complaint, and specifically denies any allegations of illegal or wrongful conduct by Defendant.

6.      Answering the allegations contained in Paragraph 6 of the Third Amended Complaint, Plaintiff's allegations related to venue and jurisdiction are legal conclusions to which no response is required. To the extent that a response is required, Defendant denies same. Defendant denies any and all remaining allegations contained in Paragraph 6 of the Third Amended Complaint, and specifically denies any allegations of illegal or wrongful conduct by Defendant.

7.      Paragraph 7 of the Third Amended Complaint sets forth a legal conclusion for which a response is not required of Defendant.

8.      Paragraph 8 of the Third Amended Complaint sets forth a legal conclusion for which a response is not required of Defendant.

**FAIR LABOR STANDARDS ACT COLLECTIVE ACTION ALLEGATIONS**

9.      In response to Paragraph 9 of the Third Amended Complaint, Defendant repeats and realleges its responses to Paragraphs 1 through 8 of the Third Amended Complaint as if fully set forth herein.

10.     Answering the allegations contained in Paragraph 10 of the Third Amended Complaint, Defendant acknowledges Plaintiff Saunders' assertion that he has initiated this action pursuant to 29 U.S.C. § 216(b) on behalf of himself and a putative class. Defendant denies any and all remaining allegations contained in Paragraph 10 of the Third Amended Complaint and specifically denies any allegations of unlawful conduct by Defendant toward Plaintiffs or any potential member of the putative class.

11.     Paragraph 11 of the Third Amended Complaint is denied.

12.     Paragraph 12 of the Third Amended Complaint is denied.

13.     Paragraph 13 of the Third Amended Complaint is denied.

14.     Paragraph 14 of the Third Amended Complaint is denied.

## FACTUAL ALLEGATIONS

15.     In response to Paragraph 15 of the Third Amended Complaint, Defendant repeats and realleges its responses to Paragraphs 1 through 14 of the Third Amended Complaint as if fully set forth herein.

16.     Answering the allegations contained in Paragraph 16 of the Third Amended Complaint, Defendant admits so much as alleges that Plaintiff Saunders was a former seasonal, hourly employee of Defendant, who worked for Defendant between April 1, 2014 and September 30, 2015. Defendant denies any remaining allegation contained in Paragraph 16 of the Third Amended Complaint.

17.     Answering the allegations contained in Paragraph 17 of the Third Amended Complaint, Defendant admits so much as alleges that Plaintiff Wheeler was a former seasonal, hourly employee of Defendant, who worked for Defendant between April 1, 2014 and September 30, 2015.  Defendant denies any remaining allegation contained in Paragraph 17 of the Third Amended Complaint.

3

18.    Answering the allegations contained in Paragraph 18 of the Third Amended Complaint, Defendant admits so much as alleges that Plaintiff Gumusdere was a former seasonal, hourly employee of Defendant.  Defendant denies any remaining allegation contained in Paragraph 18 of the Third Amended Complaint.

19.    Defendant lacks sufficient information to form a belief as to the truth of the allegations contained in Paragraph 19 of the Third Amended Complaint, and, therefore, denies same.

20.    Answering the allegations contained in Paragraph 20 of the Third Amended Complaint, Defendant admits that it has been an employer for purposes of 29 USC §203(d) since April 1, 2014.

21.    Answering the allegations contained in Paragraph 21 of the Third Amended Complaint, Defendant admits so much as alleges that Plaintiffs were non-exempt employees and that Plaintiffs' earnings with Defendant included earnings from tips.  Defendant lacks sufficient information to form a belief as to the truth of the remaining allegations contained in Paragraph 21 of the Third Amended Complaint, and, therefore, denies same.

22.    Paragraph 22 of the Third Amended Complaint is denied.

23.    Paragraph 23 of the Third Amended Complaint is denied.

24.    Paragraph 24 of the Third Amended Complaint is denied.

25.    Answering the allegations contained in Paragraph 25 of the Third Amended Complaint, Defendant admits so much as alleges that Plaintiff Saunders and Plaintiff Wheeler worked some overtime during their employment with Defendant, for which they were compensated in accordance with all applicable laws.  Defendant denies the remaining allegations contained in Paragraph 25 of the Third Amended Complaint.

## FOR A FIRST CAUSE OF ACTION
(Fair Labor Standards Act – Failure to Pay Minimum Wage)

26.     In response to Paragraph 26 of the Third Amended Complaint, Defendant repeats and realleges its responses to Paragraphs 1 through 25 of the Third Amended Complaint as if fully set forth herein.

27.     Paragraph 27 of the Third Amended Complaint calls for a legal conclusion to which a response is not required of Defendant. To the extent that a response is required, Defendant admits so much as alleges that it is an employer for purposes of the FLSA.

28.     Paragraph 28 of the Third Amended Complaint calls for a legal conclusion to which a response is not required of Defendant. To the extent that a response is required, Defendant admits so much as alleges that Plaintiff and/or Plaintiffs were employees for purposes of the FLSA.

29.     Answering Paragraph 29 of the Third Amended Complaint, Defendant admits so much as alleges that Plaintiffs and other tip employees are entitled to the minimum wage set forth in 29 U.S.C. § 206 subject to application of the Defendant's tip credit provided by the FLSA.

30.     Paragraph 30 of the Third Amended Complaint calls for a legal conclusion to which a response in not require of Defendant.  To the extent that a response is required, Defendant admits that, since April 1, 2014, it has had annual gross sales or business of at least $500,000 and has two had two or more employees engaged in interstate commerce or the production of goods for interstate commerce.

31.     Answering Paragraph 31 of the Third Amended Complaint, Defendant admits so much as alleges that Plaintiffs and other tip employees are entitled to the minimum wage set forth in 29 U.S.C. § 206 subject to application of the Defendant's tip credit provided by the FLSA.

32.    Answering Paragraph 32 of the Third Amended Complaint, Defendant admits so much as alleges that Plaintiffs and other tip employees are entitled to the minimum wage set forth in 29 U.S.C. § 206 subject to application of the Defendant's tip credit provided by the FLSA.

33.    Paragraph 33 of the Third Amended Complaint is denied.

34.    Paragraph 34 of the Third Amended Complaint is denied.

35.    Answering the allegations contained in Paragraph 35 of the Third Amended Complaint, Defendant admits so much as alleges that the FLSA applies to Defendant. Defendant specifically denies any and all allegations of illegal or improper pay practices contained in Paragraph 35 of the Third Amended Complaint.

36.    Paragraph 36 of the Third Amended Complaint is denied.

## FOR A SECOND CAUSE OF ACTION
(Fair Labor Standards Act – Failure to Pay Overtime Compensation)

37.    In response to Paragraph 37 of the Third Amended Complaint, Defendant repeats and realleges its responses to Paragraphs 1 through 36 of the Third Amended Complaint as fully as if set forth herein verbatim.

38.    Paragraph 38 of the Third Amended Complaint calls for a legal conclusion to which a response is not required of Defendant. To the extent that a response is required, Defendant admits so much as alleges that it is an employer for purposes of the FLSA.

39.    Paragraph 39 of the Third Amended Complaint calls for a legal conclusion to which a response is not required of Defendant.  To the extent that a response is required, Defendant admits so much as alleges that Plaintiff and/or Plaintiffs were employees for purposes of the FLSA.

40.    Paragraph 40 of the Third Amended Complaint calls for a legal conclusion to which a response is not required of Defendant. To the extent that a response is required, Defendant admits

so much as alleges that the FLSA requires wages to be paid to employees in accordance with the Act.

41.    Answering the allegations contained in Paragraph 41 of the Third Amended Complaint, Defendant admits that, since April 1, 2014, it has had annual gross sales or business of at least $500,000 and has two had two or more employees engaged in interstate commerce or the production of goods for interstate commerce.

42.    Paragraph 42 of the Third Amended Complaint calls for a legal conclusion to which a response is not required of Defendant. To the extent that a response is required, Defendant admits so much as alleges that the FLSA applies to Defendant and Plaintiffs. Defendant specifically denies any and all allegations of illegal or improper pay practices contained in Paragraph 42 of the Third Amended Complaint.

43.    Answering the allegations contained in Paragraph 43 of the Third Amended Complaint, Defendant admits so much as alleges that the FLSA requires compensation for employees who work in excess of forty hours a week, and that 29 U.S.C. § 207 requires the overtime rate to be calculated at one and one-half times the regular rate. Defendant specifically denies any and all allegations of illegal or improper pay practices contained in Paragraph 43 of the Third Amended Complaint.

44.    Paragraph 44 of the Third Amended Complaint is denied.

45.    Paragraph 45 of the Third Amended Complaint is denied.

46.    Answering the allegation contained in Paragraph 46 of the Third Amended Complaint, Defendant admits so much as alleges that the FLSA Applies to Defendant.  Defendant specifically denies any and all allegations of illegal or improper pay practices contained in Paragraph 46 of the Third Amended Complaint.

47.    Paragraph 47 of the Third Amended Complaint is denied.

## JULY TRIAL DEMAND

48.     Responding to Paragraph 48 of the Third Complaint, Defendant acknowledges Plaintiffs' request for a jury trial but denies that there is any proper basis or cause of action to be brought before this Court.

49.     Responding to the final unnumbered paragraph of the Third Amended Complaint containing the prayer for relief, Defendant denies that Plaintiffs or any potential collective action member is entitled to any relief whatsoever.

## FOR A SECOND DEFENSE

50.     Defendant denies each and every allegation of fact, conclusion of law, or other matter contained in the Complaint that has not been expressly admitted in this pleading.

## FOR A THIRD DEFENSE

51.     Plaintiffs were non-exempt employees of Defendant who were compensated for all hours worked in excess of 40 hours per workweek in accordance with the FLSA.

52.     Because Plaintiffs were not subject to the exemptions of 29 U.S.C. §207 and were properly compensated for all hours worked, Plaintiffs and/or the putative collective action members' Third Amended Complaint fails to state a claim for unpaid overtime compensation under the FLSA. Therefore, Plaintiffs' Cause of Action should be dismissed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

## FOR A FORTH DEFENSE

53.     Plaintiffs' and/or the putative collective action members' claims are barred, in whole or in part, by applicable statutes of limitations to the extent that those claims are predicted in whole or in part upon events occurring outside the relevant period(s) of limitations.

## FOR A FIFTH DEFENSE

54.    Plaintiff Saunders is not able to fairly and adequately protect the interests of all the putative collective action members and, accordingly, this case is not appropriate for collective action treatment pursuant to 29 U.S.C. § 216(b).

## FOR A SIXTH DEFENSE

55.    The putative collection action members are not so numerous that joinder is impracticable.

## FOR A SEVENTH DEFENSE

56.    The types of claims alleged by Plaintiff Saunders on behalf of himself are neither common to nor typical of those-if any-of the putative collective action members.

## FOR AN EIGHTH DEFENSE

57.    The types of claims alleged by Plaintiff Saunders on behalf of himself and the putative collective action members are matters in which individual questions predominate and therefore, are not appropriate for collective treatment pursuant to 29 U.S.C. § 216(b).

## FOR A NINTH DEFENSE

58.    There is no class of persons similarly situated to Plaintiff Saunders with respect to the application of the FLSA and, therefore, this action may not be maintained as a collective action pursuant to 29 U.S.C. § 216(b).

## FOR A TENTH DEFENSE

59.    Defendant paid Plaintiffs according to its obligations under the FLSA. Because Defendant has not acted or refused to act on grounds and/or pursuant to any policy or plan generally applicable to Plaintiffs and the putative collection action members this action may not be maintained as a collective action pursuant to 29 U.S.C. § 216(b).

## FOR AN ELEVENTH DEFENSE

60.    The claims of Plaintiffs and/or the putative members of the collective action are barred, in whole or in part, to the extent any relief is sought beyond the two-year limitations period set forth in Section 6(a) of the Portal-to-Portal Act, 29 U.S.C. § 255(a).

## FOR A TWELFTH DEFENSE

61.    The claims of Plaintiffs and/or the putative members of the collective action are barred, in whole or in part, by the provisions of Section 11 of the Portal-to-Portal Act, 29 U.S.C. § 260, because any acts or omissions giving rise to this action were done in good faith and with reasonable grounds for believing that the acts or omissions were not a violation of the FLSA.

## FOR A THIRTEENTH DEFENSE

62.    The claims of Plaintiffs and/or the putative members of the collective action are barred, in whole or in part, by the provisions of Section 10 of the Portal-to-Portal Act, 29 U.S.C. § 259, because actions taken in connection with Plaintiffs' and/or the putative class members' compensation were done in good faith, in conformity with, and in reliance upon written administrative regulations, orders, rulings, approvals, or interpretations, and written and unwritten administrative practices or enforcement policies of the Administrator of the Wage and Hour Division of the United States Department of Labor.

## FOR A FOURTEENTH DEFENSE

63.    Plaintiffs' and/or the putative collective action members' claims are barred, in whole or in part, by the doctrines of waiver, estoppel, laches, and unclean hands in that Plaintiff and/or the putative class members were fully informed of Defendant's pay policies and system, acquiesced and accepted the pay policies and system, and inexcusably sat on their rights.

## FOR A FIFTEENTH DEFENSE

64.     To the extent that Plaintiffs' Amended Complaint references transactions and work for which Plaintiffs and/or the putative collective action members has/have already been paid, Plaintiffs' and/or the putative collective action members' claims are barred by the doctrine of accord and satisfaction.

## FOR A SIXTEENTH DEFENSE

65.     Plaintiffs' and/or the putative collective action members' claims for liquidated damages, treble damages, special damages, and/or punitive damages are barred because Plaintiffs have not sufficiently pled that Defendant has willfully or otherwise violated the law because they have not supported their allegations with any relevant facts, and Defendant did not knowingly violate the FLSA and did not show reckless disregard for whether determine whether its actions were in compliance with the statute.

## FOR A SEVENTEENTH DEFENSE

66.     Plaintiffs and/or the putative collective action members are not entitled to recover both liquidated damages and pre-judgment interests in this action because Defendant did not willfully or otherwise violate the law.

## FOR AN EIGHTEENTH DEFENSE

67.     Plaintiffs and/or the putative collective action members has/have failed to mitigate his/their damages and, thus, his/their claims are precluded or limited under the doctrine of avoidable consequences.  Additionally, Plaintiffs' and/or the putative collective action members' damages, if any, should be reduced to the extent of any collateral source payments or recoveries attributable to their alleged damages.

### FOR A NINETEENTH DEFENSE

68.    Plaintiffs' claims are barred in whole or in part to the extent Plaintiffs seek compensation in this action for time other than compensable working time.

### FOR A TWENTIETH DEFENSE

69.    To the extent that Plaintiffs and/or the putative collective action members received compensation for hours during which he/they was/were not working, Defendant is entitled to a setoff against unpaid wages claimed by Plaintiffs and/or the putative collective action members. Additionally, to the extent Plaintiffs and/or the putative collective action members seek overtime compensation for hours actually worked at or below 40 hours per week, such claims are barred.

### FOR A TWENTY-FIRST DEFENSE

70.    Defendant's ability to respond with further detail has been limited because Plaintiffs have failed to sufficiently allege the overtime hours for which they claim they are entitled to overtime payment.

### FOR A TWENTY-SECOND DEFENSE

71.    If the facts reveal that any Plaintiff, whether individually or collectively, was engaged in efforts to alter his own time records or the time records of others, or in any other way violated the established policies of Defendant with regard to employment practices, they should be estopped from recovering on their claim.

72.    Additionally, if the facts, as determined at trial, reveal that Plaintiffs and/or the putative collective action members reported to Defendant that they had been correctly and fully paid for all time worked, they should be estopped from recovering on any claim of uncompensated wages.

## FOR A TWENTY-THIRD DEFENSE

73.    Plaintiffs' and/or the putative collective action members' claims and the time for which they seek compensation under the FLSA are *de minimus* given to the extent that they only worked a short amount of time, if any, beyond their scheduled working hours.  Plaintiffs' and/or the putative collective action members' claims are thus barred by the *de minimus* doctrine. Defendant's ability to respond with further detail has been limited because Plaintiffs have failed to sufficiently allege the overtime hours for which they claim they are entitled to overtime payment.

## FOR A TWENTY-FORTH DEFENSE

74.    If any liability exists on the part of Defendant to Plaintiffs' and/or the putative collective action members, such liability is limited to the extent that any and/or all of the damages are indemnified by any other party or non-party to this action.

## FOR A TWENTY-FIFTH DEFENSE

75.    Defendant reserves the right to modify and supplement their defenses and to plead additional defenses to Plaintiffs' and/or the putative collective action members' claims based upon such facts and circumstances as they become known to them subsequent to the date hereof.

Dated this 16th day of May, 2017.

Respectfully submitted,

**CONSTANGY, BROOKS, SMITH, & PROPHETE, LLP,**

*/s/Cara Y. Crotty*
Cara Y. Crotty, Fed ID #6869
1301 Gervais Street, Suite 810
Columbia, SC 29201
Telephone: 803-256-3200
Fax: 803-256-6277
*ccrotty@constangy.com*

Devand A. Sukhdeo
(admitted *pro hac vice*)
*dsukhdeo@constangy.com*
Jennifer M. Moore
(admitted *pro hac vice*)
*jmoore@constangy.com*
Fabian A. Ruiz
(admitted *pro hac vice*)
*fruiz@constangy.com*
1801 NE 123th St., Suite 314
North Miami, Florida 33181
Telephone:  (786) 629-6055
Facsimile:  (786) 629-6070

*Counsel for Defendant IMCMV Myrtle Beach, LLC*

14